856 S.W.2d 492 (1993)
CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, Relator,
v.
The Honorable I. Allen LERNER, Judge of the 10th District Court of Galveston County, Texas, Respondent.
No. 01-92-01189-CV.
Court of Appeals of Texas, Houston (1st Dist.).
May 6, 1993.
*493 George W. Vie, III, Mills, Shirley, Eckel & Bassett, Galveston, for relator.
James R. Ansell, Galveston, for respondent.
Before OLIVER-PARROTT, C.J., and O'CONNOR and WILSON, JJ.

OPINION
PER CURIAM.
Relator, Central National Insurance Company of Omaha (CNIC), brings this motion seeking leave to file a petition for writ of mandamus to compel the respondent to order arbitration of CNIC's dispute with Wayne and Dana Glover (the Glovers). We overrule the motion for leave to file.
The Glovers purchased a home built by American Craftsman Homes, Inc. (American Craftsman) on November 26, 1986. The home was covered by a builder's warranty, performance of which was insured under a policy issued by CNIC. An "amendatory endorsement" to CNIC's policy provided:
It is agreed that CONDITION F) Arbitration and Appraisal is amended to read as follows:
f) Arbitration and Appraisal: If the insured and this Insurer fail to agree as to the actual cost or amount of the loss, the disagreement shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and judgement upon the award by the Arbitrator(s) may be entered in any court having jurisdiction thereof.
Shortly after moving into the home, the Glovers allegedly discovered design and construction defects. The Glovers alleged American Craftsman was unable to properly repair these defects, demanded a monetary settlement from American Craftsman, and gave notice of loss to CNIC. When American Craftsman did not comply with their demand, the Glovers sued American Craftsman and submitted a proof of loss to CNIC. After CNIC did not make payment in response to the proof of loss, on April 27, 1989, the Glovers amended their suit to add CNIC as a defendant.
CNIC first appeared and filed a general denial in June 1989. In response to the Glovers' request for a trial setting, CNIC moved for a continuance on April 9, 1990. In September 1990, CNIC filed special exceptions, an amended answer, and a plea in abatement not related to arbitration. By a letter dated September 12, 1990, CNIC then made a demand on the Glovers for arbitration of the dispute at issue. The parties never reached arbitration.
CNIC's demand for arbitration was first raised before the trial court in its motion for continuance filed on October 2, 1990, more than 17 months after CNIC had been joined in the suit. In the motion for continuance, CNIC requested that the trial court order arbitration as an alternative to a continuance. The court granted a continuance. On December 4, 1990, CNIC filed its *494 first "Motion to Compel Arbitration and, in the Alternative, Motion for Separate Trial." CNIC did not specify the legal basis for its right to arbitration in this motion. On September 30, 1991, the trial court ordered the parties to nonbinding mediation. On October 21, 1991, with mediation pending, the court denied CNIC's motion to compel arbitration. The parties failed to reach agreement through mediation.
On December 27, 1991, CNIC filed its second, "renew[ed]" motion to compel arbitration. CNIC cited the Texas General Arbitration Act and the Federal Arbitration Act as grounds for its motion. The trial court denied the second motion to compel arbitration on March 27, 1992, finding that arbitration would result in prejudice to the Glovers.
CNIC filed an interlocutory appeal of the denial of the second motion to compel arbitration with this Court on April 24, 1992. In November of 1992, the Texas Supreme Court issued it opinion in the case of Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 272 (Tex.1992), finding no right to an interlocutory appeal of a motion to compel arbitration under the Federal Arbitration Act. The court stated the appropriate method to obtain relief after denial of such a motion is to seek a writ of mandamus. Id. Thereafter, CNIC filed this motion for leave to file a petition for writ of mandamus.
A writ of mandamus may be issued to correct a "clear abuse of discretion" by the trial court. Walker v. Packer, 827 S.W.2d 833, 839 (Tex.1992).[1] A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. Id. This standard has different applications in different circumstances. Id. With respect to the resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. Id. Rather, the relator must establish that the trial court could reasonably have reached only one decision. Id. at 840. However, review of a trial court's determination of the legal principles controlling its ruling is much less deferential. Id. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. Id.
Whether a party has waived its right to compel arbitration is a question of law. Transwestern Pipeline, 809 S.W.2d at 592; Marble Slab Creamery, 823 S.W.2d at 438-39. Thus, we initially consider whether the trial court failed to analyze or apply the law correctly in determining that CNIC waived its right to compel arbitration under the contract. Walker, 827 S.W.2d at 840.
There is a presumption against waiver of a contractual right to arbitration because of a strong policy in favor of enforcing arbitration agreements. Marble Slab Creamery, 823 S.W.2d at 438. However, if a party seeking arbitration has substantially invoked the judicial process to the detriment of the other party, waiver of the right to arbitration will be found. Id. Actions constituting waiver may include the applicant's engaging in some combination of filing an answer, setting up a counterclaim, pursuing discovery, and moving for continuance prior to moving for a stay pending arbitration. Trade Arbed, Inc., v. S/S Ellispontos, 482 F.Supp. 991, 998 (S.D.Tex.1980).
The Glovers joined CNIC as a defendant on April 21, 1989. CNIC filed its original answer in the form of a general denial on June 19, 1989, and filed a motion for continuance on April 9, 1990. Neither *495 filing mentioned, much less asserted, CNIC's right to arbitration under the contract. On October 2, 1990, CNIC filed a counterclaim against the Glovers under the Deceptive Trade Practices-Consumer Protection Act, TEX.BUS. & COM.CODE ANN. § 17.41 et seq. (Vernon 1987), alleging the Glovers' suit had been brought in bad faith or for the sole purpose of harassment. CNIC also engaged in discovery leading up to trial. On December 3, 1990, CNIC imposed two sets of interrogatories and eight requests for production of documents on the Glovers. The Glovers responded to the discovery requests. All of these documents were filed before CNIC filed its first motion to compel arbitration on December 4, 1990. Even the motion to compel made an alternative request for separate trial.
On October 21, 1991, CNIC's first motion to compel arbitration was denied. CNIC did not file its second motion to compel arbitration until December 27, 1992. In the interim, CNIC joined with the Glovers in a motion for preferential trial setting dated November 26, 1991 asking to have the case tried on January 13, 1992.
CNIC asserts it was forced to defend itself against the Glovers' suit or face potential trial court sanctions. We conclude that CNIC's filing of a counterclaim and joining a motion for preferential trial setting were not purely defensive measures designed to protect CNIC from sanctions, but instead were affirmative acts by CNIC to further invoke the judicial process.
We also consider whether the trial court could reasonably have concluded that the Glovers would be prejudiced if compelled to arbitrate. Walker, 827 S.W.2d at 840. The extensive use of pretrial discovery by CNIC, which would be unavailable in arbitration proceedings, is prejudicial to the Glovers' legal position. Marble Slab Creamery, 823 S.W.2d at 439. The expenses incurred by the Glovers for attorney's fees and discovery costs is also evidence of harm and prejudice. Id.
We find the trial court did not clearly fail to analyze or apply the law correctly in its determination that CNIC waived its right to compel arbitration. We further find the trial court could reasonably have concluded that granting CNIC's motion to compel would cause substantial prejudice to the Glovers.
We overrule relator's motion for leave to file petition for writ of mandamus, as relator has not shown that respondent clearly abused his discretion. Walker, 827 S.W.2d at 839-40.
NOTES
[1] We note that on appeal of a denial of a motion to compel arbitration, a determination that a party has waived its right to compel arbitration is a question of law subject to de novo review. Transwestern Pipeline v. Horizon Oil, 809 S.W.2d 589, 592 (Tex.App.-Dallas 1991, writ dism'd w.o.j.). On the other hand, a trial court's finding of prejudice to support that finding will not be overturned unless it is clearly erroneous. Transwestern Pipeline, 809 S.W.2d at 592; Marble Slab Creamery v. Wesic, Inc., 823 S.W.2d 436, 438-39 (Tex.App.-Houston [14th Dist.] 1992, no writ). Because this is a motion for leave to file a petition for writ of mandamus, however, the clear abuse of discretion standard of review is applicable. Walker, 827 S.W.2d at 839-40.