Michael J. CHILDS; USAirparts, Inc.; and Airchek, Inc., Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Defendant.

No. 95–0134–CIV.

United States District Court, S.D. Florida.

July 25, 1995.

Marc R. Ginsberg, Mandina & Ginsberg, Miami, FL, for plaintiffs.

William S. Berk, Adorno & Zeder, P.A., Miami, FL, for defendant.

ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY LITIGATION

NESBITT, District Judge.

This cause comes before the Court upon Defendant State Farm Fire's Motion to Compel Arbitration and Stay Litigation, or, in the Alternative, Dismiss the Complaint, filed January 24, 1995 (D.E. # 2), and Defendant's Request for Modification of Scheduling Or-

der for Pretrial Conference and for Jury Trial, filed June 5, 1995 (D.E. # 9).

## I. FACTUAL BACKGROUND

Plaintiffs Michael J. Childs ("Childs"), USAirparts, Inc. ("USAirparts"), and Airchek, Inc. ("Airchek") filed suit against Defendant State Farm Fire and Casualty Company ("State Farm") in state court on or about January of 1995. On January 24, 1995, Defendant State Farm removed the action on the grounds that the federal courts have subject matter jurisdiction over the action based of the diverse citizenship of the parties. At the same time, Defendant State Farm filed the instant Motion to Compel Arbitration and Stay Litigation. The parties do not appear to dispute the following allegations.

All three Plaintiffs purchased insurance policies from Defendant State Farm between January and July of 1992. These policies provided coverage for loss to property and for loss of income as a result of interruption to business operations.

On August 24, 1992, Hurricane Andrew caused a disputed amount of damage to Plaintiffs' insured businesses and property. Plaintiffs have made a claim against Defendant State Farm for more than $2 million for their damages, but Defendant State Farm contests this amount. To date, however, Defendant State Farm has advanced Plaintiffs the sum of $525,483.48.

Condition 4 of the insurance policies purchased by Plaintiffs provides that:

**Appraisal.** If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. Each party will notify the other of the selected appraiser's identity within 20 days after receipt of the written demand for an appraisal. The two appraisers will select an umpire. If the appraisers cannot agree upon an umpire within 15 days, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

  a.  pay its chosen appraiser; and

  b.  bear the other expenses of the appraisal umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

Pursuant to Condition 4 of the insurance contracts, Defendant State Farm, in December of 1994, demanded an appraisal of Plaintiffs' losses. Defendant State Farm also agreed that it "is willing to be bound by any decision reached by the conclusion of the appraisal process as set forth under the terms and conditions of the subject policies." Defendant State Farm now alleges that instead of submitting to this appraisal/arbitration, Plaintiffs filed the instant suit. Therefore, Defendant State Farm seeks an order from the Court requiring Plaintiffs to comply with the procedures in Condition 4, and to stay the litigation pending the conclusion of the appraisal/arbitration process.

## II. DISCUSSION

Florida Statute 682.03(1) provides that:

A party to an agreement or provision for arbitration subject to this law claiming the neglect or refusal of another party thereto to comply therewith may make application to the court for an order directing the parties to proceed with arbitration in accordance with the terms thereof. If the court is satisfied that no substantial issue exists as to the making of the agreement or provision, it shall grant the application.

FLA.STAT. ch. 682.03 (1995). "Several courts have construed appraisal provisions in insurance policies and have treated these provisions as arbitration provisions." *Preferred Mutual Ins. Co. v. Martinez,* 643 So.2d 1101, 1102 (Fla. 3rd Dist.Ct.App.1994) (citing *U.S. Fire Ins. Co. v. Franko,* 443 So.2d 170 (Fla. 1st Dist.Ct.App.1983) and *Intracoastal Ventures Corp. v. Safeco Ins. Co. of Am.,* 540 So.2d 162 (Fla. 4th Dist.Ct.App.1989)).

Plaintiffs do not dispute that they entered into insurance contracts which include the appraisal/arbitration clause contained in Condition 4, and, indeed, Plaintiffs, in their re-

sponse to Defendant State Farm's motion, have consented to a stay of the proceedings to conduct the appraisal, "provided the appraisal can be completed within thirty (30) days." (Response ¶ 6.) Plaintiffs, however, also state that, "the subject appraisal clause at issue, [sic] is ineffective and non-binding and of no legal force or effect...." (Response ¶ 3.)

Plaintiffs base this position on the holding in *American Reliance Ins. Co. v. Village Homes at Country Walk*, 632 So.2d 106 (Fla. 3rd Dist.Ct.App.), *review denied*, 640 So.2d 1106 (1994). Analyzing nearly identical language as that contained in Condition 4 of the insurance policies at issue, the Third District Court of Appeal held that the language at the end of the clause—which reads, "If there is an appraisal, we will still retain our right to deny the claim"—resulted in making the arbitration agreement unenforceable, as there was no mutuality of obligation. In other words, because the court held that the last clause gave the insurance company the option to reject the amount of the appraisal/arbitration—but the insured had no similar right to reject the ultimate conclusion of the appraiser—the arbitration procedure created by the insurance policy was unenforceable. "[T]he insurer's reservation of its right to deny the claim destroys mutuality of obligation, is incompatible with the goals of arbitration, and renders illusory any purported agreement to submit to binding arbitration." *Id.* at 107–08. Consequently, Plaintiffs in the action before this Court argue that, based on *American Reliance*, the arbitration requirement is not binding on them. If the provision is not binding, the Court would not have authority under § 682.03(1) of the Florida Statutes to compel arbitration.

■ The Court disagrees with Plaintiff's position for at least three reasons. First, Plaintiffs themselves have agreed to submit to the appraisal/arbitration procedures outlined in their policy, and therefore cannot hold in reserve the right to later argue that the appraisal process is unfair if they are not happy with the amount of the appraisal. This would, of course, be just as violative of the "goals of arbitration" which the Third District believed warranted the denial of enforceability of the arbitration clause in *American Reliance*.

Second, Defendant State Farm has agreed to be bound by the ultimate appraisal from this process. Thus, because there is now mutuality of obligation, in that both sides would be bound by the decision of the appraisal/arbitration process, the rationale in *American Reliance* no longer applies.

■ Finally, the Third District Court of Appeal seems to be the only district in Florida which has taken the position that the final clause of Condition 4 makes the appraisal/arbitration requirement unenforceable. *American Reliance* is in conflict with decisions from the First, Second, Fourth, and Fifth District Courts of Appeal. *State Farm Fire & Casualty Co. v. Licea*, 649 So.2d 910, 912 (Fla. 3rd Dist.Ct.App.1995). In fact, the Third District itself later disagreed with its own holding in *American Reliance*, and therefore certified the conflict. *Id.* Although "an intermediate appellate state court ... is a datum for ascertaining state law," *Commissioner v. Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967), this Court cannot base its decision on how the Supreme Court of Florida would rule on this issue on a minority position which has been called into question by the very appellate court that rendered it.[1]

Accordingly, because the court is satisfied that no substantial issue exists as to the making of the agreement or provision, and that, therefore, the arbitration/appraisal

1. Although this Court has previously observed the precedent set by *American Reliance*, and had held that a similar arbitration clause lacked mutuality of obligation and was therefore unenforceable, *see Agro Air Associates, Inc. v. Houston Casualty Co.*, No. 93–0251–CIV–NESBITT, slip op. at 15 (S.D.Fla. August 16, 1994) (order granting partial summary judgment), the Court now finds that subsequent decisions have called the reasoning of *American Reliance* into doubt, and

that this decision can no longer be relied upon as a statement of the law of Florida. In addition, the Court finds more persuasive the reasoning in *Licea* that the final clause of Condition 4 should be interpreted to mean that the insurer may still object to its *liability*, but cannot object to the *amount* assessed by the appraisal process. To hold otherwise would be to ignore the previous statement in the clause which mandates that the appraisers' decision "will be binding."

agreement of the insurance policies is enforceable, the Court is obligated to compel mediation in this matter. Consequently, it is hereby

**ORDERED** and **ADJUDGED** that Defendant State Farm Fire's Motion to Compel Arbitration and Stay Litigation is **GRANTED.** The parties are directed to comply with the provisions in Condition 4 of the insurance policy.

It is further **ORDERED** that Defendant's Motion to Dismiss is **DENIED.** Defendant has proffered no support for its theory that this case must be dismissed pending the completion of the appraisal/arbitration procedures, and the Court finds that the more appropriate course is to stay the proceedings in this matter pending the outcome of the appraisal.

Towards that end, it is further **ORDERED** that Defendant's Request for Modification of Scheduling Order for Pretrial Conference and for Jury Trial is **GRANTED.** The May 19, 1995 Scheduling Order is **VACATED,** and this case will be reset for trial after completion of the appraisal/arbitration proceedings.

Finally, it is further **ORDERED** that Plaintiffs shall file, on the first day of each month, a Status Report regarding the status of the appraisal/arbitration proceedings. Plaintiffs shall continue to file a monthly report until such time that the appraisal/arbitrations proceedings are completed. At that time, Plaintiffs shall either inform the Court that they have settled their dispute with Defendant—and shall file a Stipulation of Settlement to that effect—or shall inform the Court that they intend to proceed with this action so that the Court may reschedule a trial date. Failure to file a monthly Status Report shall result in the dismissal of this action.

**DONE** and **ORDERED.**