**J. WISE SMITH AND ASSOCIATES, INC., Plaintiff,**

v.

**NATIONWIDE MUTUAL INSURANCE CO., Defendant.**

No. 95–2189.

United States District Court, W.D. Tennessee.

Dec. 5, 1995.

Andrew H. Owens, Owens Law Office, Memphis, TN, for Plaintiff.

David A. McLaughlin, Waring Cox, Charles A. Sevier, Sevier Law Firm, Memphis, TN, for Defendant.

### ORDER

McCALLA, District Judge.

*Procedural Posture and History*

On February 8, 1995, plaintiff filed suit against defendant in Shelby County Circuit Court alleging breach of an insurance contract in partially denying a claim for catastrophic loss. On March 13, 1995, the case was removed based on diversity of citizenship.[1] On March 22, 1995, defendant filed an answer, admitting the existence of a policy

---

1. On May 11, 1995, the Court denied plaintiff's    motion to remand.

between the parties covering catastrophic loss and admitting that plaintiff suffered some catastrophic loss, but denying that its partial denial of plaintiff's claim was wrongful. On May 11, 1995, the Court entered a scheduling order that set November 13, 1995, as the deadline for filing motions, and December 18, 1995, as the start of jury trial. On November 13, 1995, defendant filed a motion to compel appraisal of plaintiff's loss pursuant to a provision of the insurance policy. On November 21, 1995, the Court held a hearing on defendant's motion. Plaintiff and defendant have submitted memoranda on the relevant issues.

### Facts

In 1994, plaintiff, an architectural firm, was the insured under a "Businessowner's Policy" with defendant insurance company. The policy covered various economic losses caused by catastrophe. On February 11, 1994, plaintiff's building in Memphis sustained damage as the result of an ice storm. Plaintiff subsequently submitted a claim to defendant for $260,000.00. On November 11, 1994, defendant paid plaintiff $52,401.99, and rejected the rest of the claim. On October 6, 1995, almost eight months after the initiation of this suit, defendant wrote plaintiff a letter demanding that plaintiff comply with section E.2. of the "Businessowner's Special Property Coverage Form" for an appraisal of plaintiff's loss.

### Arguments of the Parties

Defendant argues in support of its motion to compel that the parties disagree only as to the amount of loss and that enforcement of the appraisal clause would "facilitate resolution of the dispute among the parties and thus negate the need for the District Court trial presently set for December 18, 1995." Defendant's Memorandum in Support of Motion to Compel Appraisal, filed November 13, 1995, at 2. Defendant further argues that appraisal provisions in insurance contracts are recognized as valid and enforceable in Tennessee law. *Id.* at 2–3.

Plaintiff argues that defendant has waived the right to demand appraisal under the policy. Memorandum in Opposition to Defendant's Motion to Compel Appraisal, filed November 27, 1995, at 2. Specifically, plaintiff argues that defendant's delay in demanding appraisal while otherwise participating in the case, including filing an answer, engaging in discovery, and agreeing to the scheduling of a trial date, constitutes waiver. *Id.* at 3. Appraisal at this time, plaintiff argues, would "prejudice" plaintiff since it has already spent considerable time and money in litigating this case. *Id.* at 2.

### Discussion

The first issue to be determined is whether the appraisal clause applies to the facts of this case. Section E.2. of the Businessowner's Special Property Coverage Form provides as follows:

E. Property Loss Conditions

... 2. Appraisal

If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we still retain our right to deny the claim.

There is a disagreement as to the amount of plaintiff's loss, and defendant has made a written demand on plaintiff for an appraisal of the loss. From the language of the provision, which is part of the contractual relationship between the parties, appraisal is appropriate.[2]

---

2. The dispute between the parties as to the amount of loss is largely related to dispute over plaintiff's lost business income. From E.2. alone, it is not clear whether appraisal of loss

would include appraisal of lost business income. In that "Appraisal" falls under the heading of "Property Loss Conditions," it is arguable that lost business income, which is defined in the

■ The second issue for determination is whether a court may compel appraisal pursuant to a provision in an insurance policy. Such clauses have long been recognized as valid in Tennessee. *See Hickerson v. German–American Ins. Co.*, 96 Tenn. 193, 33 S.W. 1041 (1896). Courts regularly compel appraisal pursuant to such provisions.[3] *See, e.g., Middlesex Mut. Assurance Co. v. Clinton*, 38 Conn.App. 555, 662 A.2d 1319 (1995); *Childs v. State Farm Fire & Casualty Co.*, 899 F.Supp. 613 (S.D.Fla.1995).

■ The third issue for determination is whether defendant has waived the appraisal provision.[4] Tennessee law recognizes that appraisal clauses in insurance contracts can be waived by delay in demanding appraisal causing prejudice to the opposing party.[5] *See Hickerson*, 33 S.W. at 1044. The Court is aware of only one published case that applies the Tennessee law on waiver of a right to appraisal based on delay in demanding appraisal.[6] *See Bard's Apparel Mfg., Inc. v. Bituminous Fire & Marine Ins. Co.*, 849 F.2d 245 (6th Cir.1988). In *Bard's Apparel*, the court held that the insurer waived its contractual right to an appraisal by "wait[ing] an unreasonable length of time to the prejudice of [insured] before demanding an appraisal." *Id.* at 249. The insurer demanded appraisal only after insured notified of its intention to file suit and after the insured had disposed of the machinery that would have been the subject of appraisal. However, it is not clear whether the proximity to initiation of suit or the disposition of the insured machinery was central to the finding of prejudice and waiver.

In the absence of clear Tennessee law on this issue, the Court looks to law from other jurisdictions.[7] From a survey of the law on this issue,[8] it appears generally recognized that, due to the public policy preference for arbitration or appraisal as a way to save judicial resources, there is a presumption

policy as an "Additional Coverage" rather than "Covered Property," is not subject to appraisal. However, E.5. and E.8. provide specific rules for the determination of lost business income within the larger heading of "Property Loss." Thus, appraisal of loss should include appraisal of lost business income in addition to appraisal of property loss.

3. Defendant's reservation of the right to deny the claim does not affect the validity of the appraisal provision. *See Childs v. State Farm Fire & Casualty Co.*, 899 F.Supp. 613, 615 n. 1 (S.D.Fla. 1995) (interpreting language in an appraisal clause that the insurance company " 'will still retain our right to deny the claim' ... to mean that the insurer may still object to liability, but cannot object to the amount assessed by the appraisal process"); *Wailua Assoc. v. Aetna Casualty & Sur. Co.*, 904 F.Supp. 1142 (D.Haw. 1995).

4. Plaintiff argues that defendant's failure to assert the arbitration clause in its answer amounts to failure to plead the affirmative defense of "arbitration and award" under Fed.R.Civ.P. 8(c). However, the affirmative defense of "arbitration and award" contemplates an award already granted by arbitration rather than the mere presence of an arbitration clause in a contract between the parties. Further, failure to plead an affirmative defense does not waive the defense unless the opposing party is prejudiced by the lack of notice of the affirmative defense and an opportunity to rebut it. *See Blonder–Tongue Lab., Inc. v. University of Illinois Found.*, 402 U.S. 313, 350, 91 S.Ct. 1434, 1453, 28 L.Ed.2d

788 (1971); *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir.1993).

5. Appraisal clauses may also be waived by an insurance company's absolute denial of liability. *See Home Ins. Co. v. Hancock*, 106 Tenn. 513, 62 S.W. 145 (1901).

6. Plaintiff cites the following Tennessee cases: *Home Ins. Co. v. Hancock*, 106 Tenn. 513, 62 S.W. 145 (1901), *Fourakre v. Perry*, 667 S.W.2d 483 (Tenn.App.1983), *Cavalier Ins. Corp. v. Osment*, 538 S.W.2d 399 (Tenn.1976), and *Crumley v. Travelers Indem. Co.*, 225 Tenn. 667, 475 S.W.2d 654 (1972). None of these cases involve waiver of an arbitration provision based on untimely demand and prejudice. Defendant does not make an argument with respect to waiver.

7. Plaintiff cites *Central Nat'l Ins. Co. v. Lerner*, 856 S.W.2d 492 (Tex.Ct.App.1993), and *Transamerica Ins. Co. v. Weed*, 420 So.2d 370 (Fla.Dist. Ct.App.1982).

8. Courts apply the same law to appraisal clauses and arbitration clauses. *See, e.g., Meineke v. Twin City Fire Ins. Co.*, 181 Ariz. 576, 580, 892 P.2d 1365, 1369 (App.1994) (holding that since "appraisal is analogous to arbitration ... we apply principles of arbitration law to this dispute regarding an insurance policy appraisal clause") (citing *Aetna Casualty & Sur. Co. v. Insurance Comm'r*, 293 Md. 409, 445 A.2d 14, 20 (1982); *Hanson v. Commercial Union Ins. Co.*, 150 Ariz. 283, 285, 723 P.2d 101, 103 (App.1986); *Hirt v. Hervey*, 118 Ariz. 543, 545, 578 P.2d 624, 626 (App.1978)).

against waiver. *See Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 577 (5th Cir.1991); *Meineke v. Twin City Fire Ins. Co.*, 181 Ariz. 576, 581, 892 P.2d 1365, 1370 (App.1994); *Marble Slab Creamery v. Wesic, Inc.*, 823 S.W.2d 436, 438 (Tex.Ct.App.1992). A party seeking to establish waiver of a contractual appraisal right has the burden of proof. *See Page v. Moseley, Hallgarten, Estabrook & Weeden, Inc.*, 806 F.2d 291, 293–94 (1st Cir. 1986); *Fisher v. A.G. Becker Paribas, Inc.*, 791 F.2d 691, 694 (9th Cir.1986); *Engalla v. Permanente Med. Group, Inc.*, 41 Cal. App.4th 1698, 43 Cal.Rptr.2d 621, 643 (1995). Precisely what conduct constitutes waiver varies, within a relatively narrow range, from jurisdiction to jurisdiction.

In Texas, waiver may be found when the party seeking arbitration "has substantially invoked the judicial process to the detriment of the other party" by actions such as "filing an answer, setting up a counterclaim, pursuing discover, and moving for continuance prior to moving for a stay pending arbitration." *Central Nat'l Ins. Co. of Omaha v. Lerner*, 856 S.W.2d 492, 494 (Tex.Ct.App.1993) (citing *Marble Slab Creamery*, 823 S.W.2d at 438; *Trade Arbed, Inc. v. S/S Ellispontos*, 482 F.Supp. 991, 998 (S.D.Tex.1980)). In Florida, *Transamerica Ins. Co. v. Weed*, 420 So.2d 370, 372 (Fla.Dist.Ct.App.1982), held that the insurer "took a position and utilized procedures inconsistent with arbitration, resulting in waiver of the right to compel that contractual remedy" when it "engaged in discovery proceedings, tacitly agreed to setting the case for trial and generally participated in the suit for nearly four months before filing its motion to compel arbitration." In California, "[a] party seeking to prove waiver of a right to arbitrate must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Engalla v. Permanente Med. Group, Inc.*, 41 Cal.App.4th 1698, 43 Cal.Rptr.2d 621, 643 (1995) (citing *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir.1990)).

The Illinois law on waiver of the right to compel arbitration is set out in *WorldSource Coil Coating, Inc. v. McGraw Constr. Co.*, 946 F.2d 473 (6th Cir.1991). Waiver occurs "when a party's conduct is so inconsistent with the arbitration clause as to demonstrate abandonment of that right." *Id.* at 477 (citing *TDE Ltd. v. Israel*, 185 Ill.App.3d 1059, 133 Ill.Dec. 843, 848, 541 N.E.2d 1281, 1286 (1989)). "A party's conduct amounts to waiver when the party submits arbitrable issues to a court for decision." *Id.* (citing *Cencula v. Keller*, 152 Ill.App.3d 754, 105 Ill.Dec. 712, 714, 504 N.E.2d 997, 999 (1987)). Although Illinois law does not require the party seeking to prove waiver show prejudice, the Sixth Circuit noted that "prejudice results when one party invokes the litigation process and then seeks arbitration, thereby causing the other party to incur duplicate expenses." *Id* at 479 n. 7.

In Oklahoma, *Northland Ins. Co. v. Kellogg*, 897 P.2d 1161 (Okla.Ct.App.1995), adopted the Tenth Circuit test for waiver from *Peterson v. Shearson/American Express, Inc.*, 849 F.2d 464, 467–68 (10th Cir. 1988). In determining waiver, the "factors are: (1) whether a party has taken actions that are inconsistent with the right to arbitrate; (2) whether the issue of arbitration was raised only after there had been significant preparation for litigation; (3) whether the trial date is near or there has been a long delay in raising the issue of contractual arbitration rights; (4) whether the party invoking the arbitration right has filed pleadings in the litigation without seeking a stay of the proceedings; (5) whether the party seeking arbitration has engaged in discovery proceedings that are not available in arbitration or participated in other 'important intervening steps;' and (6) whether the opposing party has been prejudiced by the delay." *Kellogg*, 897 P.2d at 1162.

The Arizona law is set out in *Meineke v. Twin City Fire Ins. Co.*, 181 Ariz. 576, 892 P.2d 1365 (App.1994), which states that "[a]n arbitration provision is waived by conduct inconsistent with the use of the arbitration remedy; in other words, conduct that shows an intent not to arbitrate," and that "[s]uch conduct includes 'preventing arbitration, making arbitration impossible, proceeding at all times in disregard of the arbitration

**532**

clause, expressly agreeing to waive arbitration, or unreasonable delay." *Id.,* 181 Ariz. at 581, 892 P.2d at 1370 (citing *EFC Dev. Corp. v. F.F. Baugh Plumbing & Heating, Inc.,* 24 Ariz.App. 566, 569, 540 P.2d 185, 188 (1975)). Relying on *Bolo Corp. v. Homes & Son Constr. Co.,* 105 Ariz. 343, 347, 464 P.2d 788, 792 (1970), and *Anderson v. Twin City Rapid Transit Co.,* 250 Minn. 167, 84 N.W.2d 593 (1957), the court held that filing an answer without simultaneously requesting appraisal constituted waiver. *Meineke,* 181 Ariz. at 582, 892 P.2d at 1371.

In this case, defendant made a written demand for appraisal on plaintiff and moved the Court to compel appraisal only after defendant paid part of plaintiff's claim, plaintiff initiated this suit, defendant removed the suit to this Court, defendant filed an answer, the Court held a scheduling conference, and both parties made their Fed.R.Civ.P. 26 disclosures. Further, defendant's motion to compel appraisal was filed on the last day to file pretrial motions, after the close of discovery and only five weeks before the scheduled start of trial. Such conduct, viewed in light of the caselaw discussed previously, is so inconsistent with the right to appraisal set out in section E.2 of the Businessowner's Special Property Coverage Form as to constitute a waiver of that right. Clearly, defendant was aware of the appraisal clause and could have sought to invoke it well before it did, avoiding unnecessary delay and expense for both parties.

*Conclusion*

Based on the foregoing, defendant's motion to compel appraisal is hereby DENIED.

SO ORDERED.