RUTH D. LUNDY, on Behalf of Herself and All Others Similarly Situated, Plaintiff-Appellee, v. FARMERS GROUP, INC., d/b/a Farmers Underwriters Association, *et al.*, Defendants-Appellants.

Second District   No. 2—00—0511

Opinion filed May 24, 2001.

Jay Williams and William E. Meyer, Jr., both of Schiff, Hardin & Waite, of Chicago, and Patrick J. Williams, of Connolly, Ekl & Williams, P.C., of Clarendon Hills, for appellants.

Joseph D. Giagnorio and Vincent Robertelli, both of Giagnorio & Robertelli, Ltd., of Bloomingdale, John J. Stoia, Jr., Timothy G. Blood, and Thomas R. Merrick, all of Milberg, Weiss, Bershad, Hynes & Lerach, of San Diego, California, Ronald R. Parry, of Arnzen, Parry & Wentz, of Covington, Kentucky, Andrew S. Friedman and Elaine A. Ryan, both of Bonnett, Fairborn, Friedman & Balint, P.C., of Phoenix, Arizona, and H. Sullivan Bunch, of Bonnett, Fairborn, Friedman & Balint, P.C., of Signal Mountain, Tennessee, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, Ruth Lundy, filed a class action lawsuit against defendants, Illinois Farmers Insurance Company, Farmers Insurance Exchange, and Farmers Group, Inc. (collectively, Farmers), alleging that Farmers acted fraudulently in requiring its authorized repair

shops to use inferior-quality replacement parts on automobiles that were covered under Farmers insurance policies. Farmers moved to dismiss plaintiff's second amended complaint or stay the cause of action pursuant to section 2—619 of the Code of Civil Procedure (Code) (735 ILCS 5/2—619 (West 1998)) on the ground that plaintiff had failed to comply with the appraisal clause contained in the policy at issue. The trial court denied Farmers' motion and this appeal ensued. The only issue before us is whether the trial court erred in denying Farmers' motion to dismiss or stay plaintiff's cause of action.

■ We have jurisdiction over this case under Supreme Court Rule 307(a)(1) (166 Ill. 2d R. 307(a)(1)), which provides that an appeal may be taken from an interlocutory order granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction. Courts have treated the denial of a motion to stay as a denial of a request for a preliminary injunction. *Beard v. Mount Carroll Mutual Fire Insurance Co.*, 203 Ill. App. 3d 724, 727 (1990).

In her second amended complaint, plaintiff alleged that she purchased an automobile insurance policy from Farmers. The policy provided that Farmers would pay for a loss to the insured vehicle caused by accidental means, minus any applicable deductible. The policy limited the amount of its liability for a loss to "[t]he cost to repair or replace damaged or stolen property with other of like kind or quality, or with new property less an adjustment for physical deterioration and/or depreciation." The policy contained an appraisal provision that stated as follows:

> "You or we may demand appraisal of the loss. In that event, we will each appoint and pay a competent and disinterested appraiser and will equally share other appraisal expenses. The appraisers, or judge of a court having jurisdiction, will select an umpire to decide any differences. We will share equally the expense of the umpire. Each appraiser, and the umpire if needed, will state separately the actual cash value of the property before the accident and the amount of loss. An award in writing by any two of the appraisers and umpire will determine the amount payable, which shall be binding subject to the terms of this insurance."

The policy further provided that the insured could not sue the insurer unless there was full compliance with the terms of the policy.

In May 1997, plaintiff's car was damaged in a collision. Plaintiff alleged that Farmers required her to take her car to Village Pontiac-GMC for repairs. Village Pontiac-GMC was in the Farmers network of body shops, known as the "Circle of Dependability" or "Select Shops," that were authorized to write repair estimates for Farmers. A document attached to plaintiff's second amended complaint and entitled "SECTION TWO: CIRCLE OF DEPENDABILITY FACILITY" states:

"In a mutual effort to maintain quality repairs at the lowest cost, the repair facility will use cost-saving techniques including but not limited to Salvage Parts, Rebuilt Parts, After Market Parts and plastic repair. Farmers upholds any state laws that prohibit the use of some specified savings techniques."

Plaintiff alleged that Village Pontiac-GMC's estimates required the installation of an "imitation" radiator and condenser and a used wheel. In addition, the estimate did not include a seat belt check; color, sand, and buff; tinting; or corrosion protection. According to plaintiff, all of the above were necessary in order to return her car to its preloss condition. Farmers paid $6,186.64 to repair the car based on the estimates from Village Pontiac-GMC.

Plaintiff alleged that Farmers engaged in deceptive practices by representing in its policies that it would restore covered vehicles to their preloss condition but requiring body shops to use substandard "imitation" parts rather than more expensive original equipment manufacturer parts for the repairs. Plaintiff's second amended complaint included claims on behalf of herself and the alleged class members under the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 1998)), the Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.* (West 1998)), common-law fraud, fraudulent inducement, breach of fiduciary duty, and breach of contract. Plaintiff also sought declaratory and injunctive relief.

In response to plaintiff's first amended complaint, Farmers filed a motion to dismiss pursuant to section 2—615 of the Code (735 ILCS 5/2—615 (West 1998)) and a motion for involuntary dismissal pursuant to section 2—619 of the Code. Farmers argued in its section 2—615 motion that the first amended complaint failed to state a cause of action under any of plaintiff's theories. In its section 2—619 motion, Farmers contended that the Illinois Department of Insurance, rather than the circuit court, had primary jurisdiction over the dispute. The trial court denied the section 2—619 motion and denied the majority of the relief Farmers sought in its section 2—615 motion.

Farmers demanded appraisal for the first time in a letter dated January 18, 2000. The following day, Farmers filed a motion pursuant to section 2—619 to dismiss or stay plaintiff's cause of action and compel arbitration. The trial court denied Farmers' motion on the grounds that the authority Farmers relied on regarding the enforceability of arbitration agreements did not apply to the facts of this case and that an appraisal would not address the issues raised in the complaint. Farmers filed a timely notice of appeal from the trial court's judgment.

■ Before we address the merits of this appeal, we feel compelled

to comment on both parties' excessive use of footnotes in their briefs. Supreme Court Rule 341(a) (177 Ill. 2d R. 341(a)) states that "[f]ootnotes, if any, shall be used sparingly." Supreme Court Rule 344(b) (155 Ill. 2d R. 344(b)) also indicates that "[f]ootnotes are discouraged." Plaintiff's 20-page brief contains 16 single-spaced footnotes and Farmers' 27-page reply brief contains 15 single-spaced footnotes. Both parties' footnotes, for the most part, contain substantive material that should have been presented in the body of the briefs. Moreover, in the case of Farmers' reply brief, had the footnotes been integrated into the body of the brief, the brief would have exceeded the page limitation set forth in Rule 341(a).

We have previously noted that "[a]dherence to the page limitations and guidelines for footnote usage is not an inconsequential matter," and parties who ignore these rules do so at their peril. *Kerger v. Board of Trustees of Community College District No. 502*, 295 Ill. App. 3d 272, 275 (1997). Consequently, on our own motion, we strike all of the footnotes from Farmers' reply brief. We also admonish both parties to comply with Rule 341(a) in the future.

■ Turning to the merits, we consider whether the trial court erred in denying Farmers' motion to dismiss or stay plaintiff's cause of action and compel arbitration. The only question a reviewing court must decide in an interlocutory appeal is whether there was a sufficient showing to sustain the trial court's order granting or denying the relief sought. *J&K Cement Construction, Inc. v. Montalbano Builders, Inc.*, 119 Ill. App. 3d 663, 667 (1983). We conclude that there was sufficient evidence to sustain the trial court's order denying Farmers' motion.

■ Farmers advances several reasons why it believes the trial court was required to dismiss or stay plaintiff's cause of action. First, Farmers argues that the federal Arbitration Act (9 U.S.C.A. § 1 *et seq.* (West 1999)) and the state Uniform Arbitration Act (710 ILCS 5/1 *et seq.* (West 1998)) required the trial court to compel plaintiff to submit to an appraisal. However, Farmers has not cited a single case that has applied either act to appraisal clauses, much less to a situation similar to that in the case at bar. Accordingly, like the trial court, we reject the argument that the federal Arbitration Act and the Uniform Arbitration Act compelled the trial court to dismiss or stay plaintiff's cause of action.

■ Farmers next relies upon the plain language of the policy in insisting that, once it established the existence of the appraisal clause, the trial court had no choice but to enforce it. Courts have held that an appraisal clause is analogous to an arbitration clause, "which is enforceable in a court of law and with which a court may compel compli-

ance." *Beard*, 203 Ill. App. 3d at 727. However, contrary to Farmers' assertion, the trial court's analysis does not end with whether an arbitration or appraisal clause existed. The court must also determine whether the parties' dispute is covered by the particular clause. See *Montalbano*, 119 Ill. App. 3d at 669 ("In addition to ascertaining the existence of an agreement to arbitrate, a court should order arbitration only if the dispute is arbitrable").

■ Here, the appraisal process provided for in the policy was designed solely to resolve disputes over the amount of the loss. Farmers argues that the amount of the loss is the threshold issue for each of plaintiff's claims, but that argument oversimplifies the issues raised in plaintiff's second amended complaint. The resolution of plaintiff's claims will require a determination of whether Farmers misrepresented to its policyholders the quality of repair parts that Farmers would pay for under its policies. This question requires an interpretation of the policy language, in particular, the phrase "like kind and quality." These issues cannot be resolved through the appraisal process. Consequently, we agree with the trial court that the issues plaintiff raised in her second amended complaint were not subject to the appraisal clause.

■ In light of our determination that plaintiff's claims were not subject to appraisal, we reject Farmers' argument that plaintiff failed to satisfy a condition precedent of the policy prior to filing suit. Because plaintiff was not required to participate in the appraisal process for these claims, she fully complied with the terms of the policy prior to filing suit.

■ Last, we address plaintiff's argument that Farmers waived its right to an appraisal. Our research has not revealed any Illinois case that addresses waiver of an appraisal clause. Courts from other jurisdictions, however, have held that, like an arbitration clause, an appraisal clause may be waived. See *J. Wise Smith & Associates, Inc. v. Nationwide Mutual Insurance Co.*, 925 F. Supp. 528, 530 n.8 (W.D. Tenn. 1995) (and cases cited therein). Generally, waiver is disfavored because of the public policy preference for conserving judicial resources through arbitration or appraisal. *Smith*, 925 F. Supp. at 530-31. The court in *Smith* correctly noted that in Illinois waiver of the right to arbitration occurs when a party's conduct is so inconsistent with the arbitration clause as to demonstrate abandonment of that right (*Smith*, 925 F. Supp. at 531, citing *WorldSource Coil Coating, Inc. v. McGraw Construction Co.*, 946 F.2d 473, 477 (6th Cir. 1991); see also *TDE Ltd. v. Israel*, 185 Ill. App. 3d 1059, 1067 (1989)) or when the party submits arbitrable issues to the court for a decision (*Smith*, 925 F. Supp. at 531, citing *WorldSource Coil Coating, Inc. v. McGraw Construction*

*Co.*, 946 F.2d at 477; see also *Cencula v. Keller*, 152 Ill. App. 3d 754 (1987)). Like the court in *Smith*, we conclude that these principles apply to appraisal clauses as well as arbitration clauses.

■ In our view, Farmers' conduct was so inconsistent with the appraisal clause as to demonstrate the abandonment of its right to an appraisal. In *Smith*, the court found that the failure to seek an appraisal until after the defendant paid part of the plaintiff's claim, the plaintiff filed suit, the defendant answered, and the parties answered discovery was so inconsistent with the right to appraisal as to constitute waiver of that right. *Smith*, 925 F. Supp. at 532. Similarly, in *Atkins v. Rustic Woods Partners*, 171 Ill. App. 3d 373, 379 (1988), this court found that the defendants had waived their right to arbitration by filing motions to dismiss that did not raise the arbitration claim, failing to raise the arbitration issue during the first appeal of the case, filing petitions that manifested their intent to pursue litigation rather than arbitration, and failing to raise the arbitration issue until more than three years after the plaintiffs had filed their cause of action.

Here, Farmers demanded an appraisal for the first time years after it paid plaintiff's claim and 10 months after plaintiff filed suit. Farmers also filed and lost a motion to dismiss for failure to state a claim, filed and lost a motion to dismiss arguing that the Department of Insurance was the proper forum for adjudicating this dispute, and served plaintiff with discovery. As in *Atkins*, Farmers' participation in the litigation was not merely responsive, and its pleadings were not filed solely to protect its rights from litigation. Farmers' failure to invoke the appraisal clause in a timely manner caused unnecessary delay and expense for both parties.

Accordingly, for the reasons stated we affirm the judgment of the circuit court of Du Page County.

Affirmed.

HUTCHINSON, P.J., and MCLAREN, J., concur.