**GRANITE CONSTRUCTION CO., Appellant,**

v.

**Milton BEATY, Appellee**

and

**In re Granite Construction Co.**

**Nos. 09–03–496 CV, 09–03–532 CV.**

Court of Appeals of Texas, Beaumont.

Submitted Feb. 5, 2004.

Decided Feb. 26, 2004.

---

Robert T. Cain, Jr., Todd L. Kassaw, Justin N. Brown, Zeleskey, Cornelius, Hallmark, Roper & Hicks, LLP, Lufkin, for appellant/relator.

Brett S. Thomas, Bush, Lewis & Roebuck, P.C., Beaumont, for appellee/real party in interest.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Granite Construction Co., ("Granite") challenges the denial of its motion to compel arbitration of a wrongful discharge claim pursued by Milton Beaty in the 1st District Court of Jasper County, Texas. Granite filed a petition for writ of mandamus, asking this Court to direct the trial court to vacate the order denying the motion to compel and to enter an order compelling the parties to proceed to arbitration under the Federal Arbitration Act ("FAA"), and contemporaneously pursued an interlocutory appeal under the Texas Arbitration Act ("TAA"). *See* 9 U.S.C.A. §§ 1–16 (West 1999 & Supp.2004); Tex. Civ. Prac. & Rem.Code Ann. §§ 171.001–.098 (Vernon 1997 & Supp.2004). Granite's two issues ask: "Is there a binding agreement between Granite and Beaty to arbitrate employment disputes?" and "Did Granite's delay in seeking to compel arbitration waive its right to arbitrate, when there is no evidence that the delay prejudiced Beaty?" We hold that the wrongful discharge claim falls within the scope of a valid arbitration agreement to which the FAA applies and that Beaty failed to establish waiver. Therefore, we conditionally grant the petition for writ of mandamus and dismiss the interlocutory appeal for lack of jurisdiction.

■ The party seeking to compel arbitration must establish the existence of an arbitration agreement and show that the claims raised fall within the scope of the agreement. *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999). "If the arbitration agreement encompasses the claim at issue and there are no defenses to enforcement of the arbitration agreement itself, the trial court has no discretion but to compel arbitration and stay its own proceedings." *In re J.D. Edwards World Solutions Co.*, 87 S.W.3d 546, 549 (Tex.2002).

Granite initiated an Employee Dispute Resolution Program ("EDRP") in 1995. The EDRP requires employee disputes that are not resolved through Granite's internal process to be submitted to the American Arbitration Association for either mediation or arbitration. Beaty continued to work for Granite after the effective date of the EDRP. He sustained an on-the-job injury in 1996 and received

workers' compensation benefits and medical treatment pursuant to workers' compensation. Beaty did not return to the job after receiving a doctor's release for light duty work because he was not willing to give up the workers' compensation benefits he was receiving. He resigned several months later and in 1999 sued Granite for wrongful termination.

■ First, we must determine whether the state or the federal arbitration act controls this case. The FAA extends to any arbitration contract affecting interstate commerce, as far as the Commerce Clause of the United States Constitution will reach. *In re FirstMerit Bank, N.A.,* 52 S.W.3d 749, 754 (Tex.2001); *In re L & L Kempwood Assocs., L.P.,* 9 S.W.3d 125, 127 (Tex.1999). Beaty argues that the TAA applies because his employment was wholly within the State of Texas, and his cause of action arose in this state and involves construction of a state statute. He resides in Texas. Granite is a California corporation with branch offices in four states, and operations nationwide. Granite's operations include construction of bridges and highways. Beaty was working as construction superintendent on a bridge construction project when he sustained the on-the-job injury. In light of these facts, we conclude that Beaty's employment contract with Granite relates to interstate commerce and the alleged arbitration agreement is subject to the FAA. It follows that the TAA does not govern the arbitration agreement and we therefore lack jurisdiction over the interlocutory appeal.

■ Next, we must determine whether an arbitration agreement existed between the parties. That Granite maintained an employee dispute resolution program with binding arbitration was not disputed in the trial court. During the hearing on Granite's motion to compel arbitration, Beaty's counsel stated to the court

Your Honor, the state of the law is that even in workers' comp retaliation cases, apparently according to my research, an arbitration agreement can be binding. The only question that we have in this case is whether or not the waiver provision would apply, the common law waiver; and they've taken actions that would be inconsistent with arbitration or their desire to arbitrate.

Counsel went on to challenge Granite's proof of the notice provided to Beaty; he stated

I'm going to tell you that the state of the law is that they can proceed in this manner, given if they don't waive it, and they provide notice, and that's where we have our two questions.

Granite's proof of a binding arbitration agreement included an August 4, 1995, memorandum announcing the program and the pamphlet that described the program, which were mailed to Granite employees at home addresses listed on the company's payroll record. A memorandum, dated October 4, 1995, and a second booklet were mailed to all Granite employees not covered by collective bargaining agreements at their home addresses. Beaty was then a Granite employee not covered by a collective bargaining agreement; therefore, he would have been one of the recipients of the memoranda and accompanying literature. The pamphlets described the program's arbitration procedure in detail. One pamphlet stated:

[I]f you accept or continue your job at Granite Construction Incorporated after [September 1, 1995], you will agree to resolve all legal claims against Granite Construction Incorporated through the Employee Dispute Resolution Program which ... includes mediation or binding arbitration through the American Arbi-

tration Association instead of through the court system. . . .

Beaty continued to work for Granite after the relator established the dispute resolution program. Beaty argued that Granite failed to prove that he personally received the documents, but Granite offered evidence that it mailed the documents to Beaty at his home address, and there is no evidence in the record that Beaty did not receive them. The Supreme Court held that an arbitration agreement existed between the parties in a case with a dispute resolution program established in a similar manner. *See In re Halliburton Co.,* 80 S.W.3d 566, 567 (Tex.2002), *cert. denied, Myers v. Halliburton Co.,* 537 U.S. 1112, 123 S.Ct. 901, 154 L.Ed.2d 785 (2003). This, too, "is not a case in which the written notice was contradicted by other written or oral communications between the employer and the employee." *Id.* at 569. Beaty did not challenge the consideration for the agreement or suggest that the arbitration agreement was supported by an illusory promise. We conclude that an arbitration agreement existed between the parties.

▆▆ Next, we must determine whether Beaty's wrongful discharge claim falls within the scope of the arbitration agreement. As we have already noted, Beaty conceded the point in the hearing in the trial court. In this mandamus proceeding, however, Beaty contends that the EDRP excludes workers' compensation discrimination claims. The first pamphlet described claims subject to the EDRP, as follows:

It is important to realize that workplace disputes and legal claims means all disputes such as discrimination based on race, age, disability (except workers' compensation claims), national origin, pregnancy, sexual orientation, religion, creed, color, ancestry, marital status and

medical condition, as well as those disputes that fall under categories such as wrongful discharge, constructive discharge, sexual harassment and other similar areas of employment law.

Granite relies upon the express inclusion of "disputes that fall under categories such as "wrongful discharge." Beaty, on the other hand, relies on the "workers' compensation claims" exclusion from "disputes such as discrimination based on . . . disability" as support for his argument that his wrongful discharge claim is not subject to arbitration. The issue is settled by the "Questions & Answers" section of the second booklet, which includes the following:

What if the cause of my dispute is an on-the-job injury?

If you need help with a problem regarding your claim for workers' compensation or unemployment insurance benefits, you should contact the Insurance Department at Granite.

However, if you believe you have been fired, laid off or unjustly treated because you filed a claim for an on-the-job injury, you would settle your dispute through the Dispute Resolution Program.

We hold that Beaty's wrongful discharge claim falls within the scope of the arbitration agreement.

▆▆ Finally, we must determine whether Granite waived its right to arbitrate. There is a strong presumption against finding that a party has waived its right to arbitrate and the burden to prove waiver is a heavy one. *See EZ Pawn Corp. v. Mancias,* 934 S.W.2d 87, 89–90 (Tex.1996). Length of delay alone is not a basis for inferring waiver. *Id; In re MONY Sec. Corp.,* 83 S.W.3d 279, 285 (Tex.App.-Corpus Christi 2002, orig. proceeding). "Courts will not find that a party has waived its right to enforce an arbi-

tration clause by merely taking part in litigation unless it has substantially invoked the judicial process to its opponent's detriment." *In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex.1998). Beaty filed his suit in 1999. No activity occurred in the suit, other than a motion to transfer venue, written discovery, two depositions (one of Beaty), and an unsuccessful mediation. Propounding discovery will not, in and of itself, result in waiver of the right to compel arbitration. *Id.* Nor does Beaty's having answered discovery establish prejudice, as discovery is permitted under the rules of the American Arbitration Association. *Id.* at 704–05. Likewise, a motion to transfer venue does not seek a final determination of the litigation. Therefore, as in *Bruce Terminix,* "this is not a case in which a party who has tried and failed to obtain a satisfactory result in court then turns to arbitration." *Id.* at 704. Beaty presented no evidence that he was prejudiced by any action or delay by Granite. He did not identify any discovery obtained by Granite through the judicial process that Granite would not have been entitled to in arbitration. *Id.* at 705. Furthermore, Beaty made no attempt to establish the time and expenses incurred in litigating his claim that would not have been expended in arbitration. *See Pennzoil Co. v. Arnold Oil Co.,* 30 S.W.3d 494, 499–500 (Tex.App.-San Antonio 2000, orig. proceeding). Finally, he identified no prejudice caused by the delay in invoking arbitration. Beaty has not shown that Granite waived its right to arbitrate.

Appeal No. 09–03–496 CV is dismissed for lack of jurisdiction. The petition for writ of mandamus filed in No. 09–03–532 CV is conditionally granted. We order respondent to vacate his order denying arbitration in the case below and enter an appropriate order compelling arbitration. The writ will only issue in the event the trial court fails to act in accordance with this opinion.

APPEAL DISMISSED; WRIT CONDITIONALLY GRANTED.

BURGESS, Justice, filed a dissenting opinion.

DON BURGESS, Justice, dissenting.

I respectfully dissent. I do not believe mandamus, No. 09–03–532 CV, lies in this instance, but interlocutory appeal is the correct vehicle. Mandamus will lie only if this dispute is subject to the Federal Arbitration Act rather than the Texas Arbitration Act. The majority notes Beaty "argues that the TAA applies because his employment was wholly within the State of Texas, and his cause of action arose in this state and involves construction of a state statute." Not only does Beaty make those arguments, they are *fact.* Yet the majority concludes "Beaty's employment contract with Granite relates to interstate commerce" based upon the following facts: "Granite is a California corporation with branch offices in four states, and operations nationwide. Granite's operations include construction of bridges and highways. Beaty was working as construction superintendent on a bridge construction project when he sustained the on-the-job injury." These facts relating to interstate commerce are as tenuous as those in *In re Nasr,* 50 S.W.3d 23 (Tex.App.-Beaumont 2001)(orig. proceeding) (Burgess, J. dissenting). The majority should reject the mandamus in this instance and overrule *Nasr.*

Because the majority reaches its result in the wrong vehicle, I decline to address the merits.