In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-300 CV


NO. 09-04-366 CV


____________________



HOMES OF LEGEND, INC., Appellant



V.



LOUANNA M. MCNIEL, individually and as next friend of 


SHANNA ROMERO, Appellees



and



IN RE HOMES OF LEGEND, INC.






On Appeal from the 356th District Court


Hardin County, Texas


Trial Cause No. 39646


and


Original Proceeding






MEMORANDUM OPINION


 Louanna M. McNiel filed suit on her own behalf and as next friend for Shanna
Romero, a minor child, for alleged damages arising from the purchase of a manufactured
home built by Homes of Legend, Inc., (Legend) and sold by Golden Triangle Homes, Inc.
(Golden Triangle). Legend moved to compel arbitration. The trial court denied the
motion. Legend filed a petition for writ of mandamus under the Federal Arbitration Act
(FAA) and contemporaneously pursued an interlocutory appeal under the Texas Arbitration
Act (TAA), seeking to compel arbitration. See 9 U.S.C.A. §§ 1-16 (West 1999 & Supp.
2004); Tex. Civ. Prac. & Rem. Code Ann. §§ 171.001-.098 (Vernon 1997 & Supp.
2004). Legend contends the agreement in question falls within the scope of the Federal
Arbitration Act. McNiel does not contend otherwise. Accordingly, we dismiss the appeal
for want of jurisdiction and proceed with the petition for writ of mandamus. See Rogers
v. Maida, 126 S.W.3d 643 (Tex. App.--Beaumont 2004, orig. proceeding).

 The party seeking to compel arbitration must establish the existence of an arbitration
agreement and show that the claims raised fall within the scope of the agreement. See In
re Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex. 1999). "If the arbitration
agreement encompasses the claim at issue and there are no defenses to enforcement of the
arbitration agreement itself, the trial court has no discretion but to compel arbitration and
stay its own proceedings." In re J.D. Edwards World Solutions Co., 87 S.W.3d 546, 549
(Tex. 2002).

 The contract between McNiel and Golden Triangle includes a "NOTICE" section,
containing an acknowledgment that McNiel "received a separate written warranty from
[Golden Triangle] on the newly manufactured home. . .." The "Limited One Year Service
Warranty" from Legend contains a "LIMITATION OF REMEDIES PROVISION" that
provides:

 Any controversy, claim or dispute between or among the parties arising from
or relating to the warranty, contract, or any agreements or instruments
relating hereto or delivered in connection herewith, or the breach thereof,
and any claim based on or arising from an alleged tort, and if the
controversy, claim or dispute cannot be settled through direct discussions or
negotiations, the parties agree first to the settle the dispute in an amicable
manner by mediation administered by the American Arbitration Association
under its Commercial Mediation Rules before resorting to arbitration. 
Thereafter, any unresolved controversy, claim or dispute arising from or
relating to this contract, or breach thereof, and any claim based on or arising
from an alleged tort, shall be settled by Arbitration Administered by the
American Arbitration Association in accordance with its Commercial
Arbitration Rules and judgement on the award rendered by the arbitrator(s)
may be entered in any court having jurisdiction thereof. . . .


 McNiel does not contest the existence of an agreement between herself and Legend
and does not argue her claims against Legend are outside the scope of the arbitration
agreement. Rather, McNiel contends there is no agreement to arbitrate as to Golden
Triangle or between Golden Triangle and Legend. That does not defeat the agreement to
arbitrate between McNiel and Legend under the circumstances presented. (1) Accordingly,
we find Legend established the existence of an arbitration agreement and that the claims
raised fall within the scope of the agreement.

 McNiel raises waiver as a defense to enforcement of the arbitration agreement.

 

 There is a strong presumption against finding that a party has waived its
right to arbitrate and the burden to prove waiver is a heavy one. See EZ
Pawn Corp. v. Mancias, 934 S.W.2d 87, 89-90 (Tex.1996). Length of
delay alone is not a basis for inferring waiver. Id; In re MONY Sec. Corp.,
83 S.W.3d 279, 285 (Tex. App.--Corpus Christi 2002, orig. proceeding). 


Granite Const. Co. v. Beaty, 130 S.W.3d 362, 366 (Tex. App.--Beaumont 2004, no pet.).
McNiel filed suit in 1999. The record reflects an agreed scheduling order was entered and
at the hearing on the motion to compel, plaintiff's counsel asserted the case had been "fully
discovered" and was ready for trial. An unsuccessful mediation had also occurred. 
However, propounding discovery will not, in and of itself, waive the right to compel
arbitration and answering discovery does not establish prejudice, as discovery is permitted
under the rules of the AAA. Granite, 130 S.W.3d at 367. The record does not establish
the time and expenses incurred in litigation that would not have been expended in
arbitration. Accordingly, McNiel has not demonstrated she was prejudiced by any action
or delay on the part of Legend. Id. We find McNiel has not shown Legend waived its
right to arbitrate.

 Cause No. 09-04-366 CV is dismissed for lack of jurisdiction. The petition for writ
of mandamus filed in No. 09-04-300 CV is conditionally granted. We order respondent
to vacate his order denying arbitration in the case below and enter an appropriate order
compelling arbitration. The writ will only issue in the event the trial court fails to act in
accordance with this opinion.

 APPEAL DISMISSED; WRIT CONDITIONALLY GRANTED.

 PER CURIAM

Submitted on October 14, 2004

Opinion Delivered October 28, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. See In re Adhi-Lakshmi Corp, 138 S.W.3d 559 (Tex. App.--Beaumont 2004, orig.
proceeding).